CLARA R. SMIT, ESQ.
ATTORNEY AT LAW
100 HORIZON CENTER BLVD
HAMILTON, NJ 08691
(732) 843-6600
ATTORNEY FOR THE PLAINTIFF

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOANNA CHAITRAM,** | : |
| | : |
| Plaintiff, | : |
| V. | : CIVIL ACTION NO.: |
| | : |
| **ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL** | : |
| | : COMPLAINT AND JURY DEMAND |
| | : |
| | : |
| Defendant. | : |
| | : |

The Plaintiff, Joanna Chaitram, residing at 272 Ward Ave, Apt. 3G, City of Bordentown, County of Burlington, State of New Jersey, files this Complaint, and would respectfully show the Court as follows:

**NATURE OF CASE**

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. Section 12101 et seq., establishing the most important civil rights for persons

with disabilities in our country's history. This action is brought by the plaintiff, Joanna Chaitram, against defendants' hospital, in their failure to provide reasonable accommodations for the plaintiffs disability and for discrimination based on disability during plaintiff's daughter, Jessica Morris's care in defendants' hospital. The plaintiff experienced humiliation and discrimination in violation of her civil rights through Defendants' policies and practices of discrimination on the basis of disability.

2. This action claims that defendants violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et. seq., hereafter NJLAD, the ADA, and Section 504 of the Rehabilitation Act, as well as other state and common law causes of action. In this action, Plaintiff suffered damages and now seeks declaratory and injunctive relief, and compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this court is invoked pursuant to N.J.S.A. 10:-5-1 et. seq, the Americans with Disabilities Act, Title III, 28 USCS Section 12181 et seq and the Rehabilitation Act, 29 USCS Section 794, Section 504. This suit is authorized and instituted pursuant to the exercise of the police power of the State for the protection of the public safety, health, and morals and to promote the general welfare and fulfillment of the provision to the Constitution of the State of New Jersey and the United States of America guaranteeing civil rights.

## PARTIES

4. Joanna Chaitram is a resident of the City of Bordentown, County of Burlington and State of New Jersey. Plaintiff Joanna Chaitram is profoundly deaf and communicates through American Sign Language. She requires qualified American Sign Language interpreters, reasonable accommodations/modifications and other auxiliary aids and services to communicate effectively with Defendants and to benefit from Defendants' services. Plaintiff is a qualified person with a disability pursuant to Section 504, the ADA and NJLAD.

5.	Defendant, Robert Wood Johnson University Hospital, is located at 1 Hamilton Health Place, City of Hamilton, County of Mercer and State of New Jersey. It is a public entity under the ADA and is a recipient of federal financial assistance. Thus, it is subject to the requirements of both the ADA and Section 504.

## FACTS

6.	One of the most important parts of the Americans with Disabilities Act is Title III, known as the "Public Accommodations and Services Operated by Private Entities". 42 U.S.C. Section 12181 et seq.

7.	The New Jersey Law Against Discrimination specifically prohibits discrimination based upon disability under 10:5-12.

8.	Section 504 of the Rehabilitation Act of 1973, provides that "No otherwise qualified individual with a disability" shall be "excluded, denied or discriminated against" by any facility receiving "federal financial assistance".

9.	Defendant provides public accommodations within the meaning provided in each of the above laws.

10.	As relevant to the present action, discrimination includes a failure to provide appropriate and reasonable auxiliary aids to plaintiffs who have a hearing loss to ensure effective communication. 28 C.F.R. Section 36.303(c).

11.	Among these aids include a failure to provide interpreters to plaintiff Joanna Chaitram during her daughters' medical care. These aids were requested and denied by the defendant during plaintiffs' daughters' hospitalization from September 1, 2018 until September 6, 2018 and on all occasions prior and thereafter.

12.	Plaintiff Joanna Chaitram brought her daughter to the emergency room at Robert Wood Johnson University Medical Center on September 1, 2018. Plaintiff's daughter Jessica Morris was brought to the emergency room due to

severe stomach pain. After observation and care, Ms. Morris was released after a few hours and told to return to the emergency room if the pain continued or got worse.

13. The following day, September 2, 2018, plaintiff rushed her daughter to the hospital with worsening stomach pain. Upon arrival into the emergency room, scared and in excruciating pain, Jessica Morris asked medical staff for an interpreter for her mother. Her younger sister who was ten years old at the time was also there and also asked medical staff for an interpreter. Medical staff refused to provide an interpreter and instead relied on the patient, Jessica Morris to interpret what was happening to her mother. Plaintiff repeatedly tried to communicate with medical staff that she needed an interpreter to communicate and to be able to understand what was happening to her daughter. Medical staff ignored these requests. Jessica Morris was ultimately diagnosed her as having severe acute appendicitis.

14. Jessica Morris was rushed into surgery with acute severe appendicitis. She had to communicate this to plaintiff briefly before surgery while scared for her life and in pain. After being rushed into surgery, plaintiff and her ten year old daughter were left in the waiting room. Throughout the surgery and afterward, medical staff relied on plaintiff's ten year old daughter to communicate her older daughter's condition and prognosis to plaintiff. Communication was completely ineffective as plaintiff's ten year old daughter did not know what these medical terms meant, let alone able to translate these to her worried mother.

15. After coming successfully out of surgery, plaintiff's daughter spent the next four days at defendant's hospital recovering. During this time, despite numerous requests from plaintiff and her daughters for interpreters, medical staff refused to provide one.

17. Plaintiff was ignored, humiliated and treated like a non-person by defendants. Defendants' actions resulted in the plaintiff being irretrievably denied the complete understanding of the care her daughter received while at the Hospital's Facilities. Instead plaintiff experienced shame, anxiety, frustration, emotional distress, fear and discrimination.

18. Each and all of the above acts, both of omission and commission, were intentional acts of discrimination and each and all were a proximate cause of the damages suffered by plaintiff. Plaintiff and her daughters will require the services of defendant hospital's facilities in the future as it is the closest hospital to plaintiffs home, and based upon defendants' ongoing pattern of discrimination will once again be denied reasonable accommodation for their disability.

19. Defendants' willful, knowing and repeated acts of intentional discrimination against plaintiff evidences a pattern and practice of discrimination that is in violation of N.J.S.A. 10:5-1, et seq., the ADA and the Rehabilitation Act and caused plaintiff to suffer and continue to suffer mental pain and anguish.

## CLAIMS

20. Plaintiff realleges and incorporates by reference the allegations of fact contained in the previous paragraphs.

### FIRST COUNT
### DEFENDANTS VIOLATED TITLE III OF THE AMERICANS WITH DISABILITIES ACT

21. Plaintiff's hearing loss substantially limits her major life activities, including her ability to effectively communicate. Therefore, Plaintiff is an individual with a disability under Title III of the ADA. Plaintiff meets the essential eligibility requirements for Defendants' programs, services, and activities at all times material

hereto. Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 29 USCS Section 794, et seq.

22. Defendants violated Title III of the ADA in numerous ways, including discriminatory actions which occurred when they:

(a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

(b) Failed to ensure that communications with Plaintiff were as effective as communications with non-disabled patients;

(c) Failed to provide auxiliary aids and services, including qualified interpreters, and to modify policies and procedures to prevent discrimination against Plaintiff;

(d) Failed to establish effective self-evaluations and/or provide notice of Plaintiff's rights as an individual with a disability under the ADA;

(e) Failed to train staff on how to utilize the video remote interpreting system; and

(f) Excluded Plaintiff from services of the public entity and denied Plaintiff the benefit of these services due to his disability.

23. Plaintiff suffered severe emotional distress and damages in the past, and continue to suffer emotional distress and damages due to Defendants' violations of Title III of the ADA.

## SECOND COUNT
## DEFENDANTS VIOLATED SECTION 504 OF THE REHABILITATION ACT OF 1973

24. Plaintiff is deaf and her disability substantially limits her major life activities, including her ability to effectively communicate with others who do not know sign language. Therefore, Plaintiff is considered to be an individual with

disabilities under Section 504, as amended. See 29 U.S.C. § 706(8). Plaintiff is otherwise qualified under Section 504 because she meets the essential eligibility requirements for Defendants' services at all times material hereto. Defendant is also a recipient of federal financial assistance.

25. Defendants' policies, practices and procedures, particularly the actions and omissions described above, violated the Plaintiff's rights under Section 504 by discriminating on the basis of disability.

26. Additionally, Defendants also denied Plaintiff services which it made available to non-disabled patients.

27. Defendants violated Plaintiff's rights through repeated refusals to reasonably accommodate Plaintiffs with appropriate auxiliary aids and services or to modify policies and procedures to prevent discrimination.

28. Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer distress and damages due to Defendants' violations of Section 504.

## THIRD COUNT
## DEFENDANTS VIOLATED THE NEW JERSEY LAW AGAINST DISCRIMINATION

29. Defendants' conduct is in violation of the N.J.S.A. 10:5-1, et seq., N.J.S.A. 34:1-69.10 et seq.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully pray that this Court grant the following relief against the Defendants, jointly and severally for the following:

30. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected Plaintiffs to discrimination in violation of Section 504 of the Rehabilitation Act, Title III of the Americans with Disabilities Act, and the New Jersey Law Against Discrimination.

31. Permanently enjoin Defendants from any practice, policy and/or procedure which will deny Plaintiffs equal access to, and benefit from Defendants services or which deny Plaintiffs communication with Defendants. Enter a permanent injunction ordering Defendants:

    A. To cease discrimination against Plaintiff and other deaf or hard of hearing patients;

    B. To promulgate and comply with policies and procedures to ensure that Defendants and its staff do not discriminate against individuals who are deaf and hard of hearing;

    C. To promulgate and comply with procedures to ensure that Defendants will provide and pay for interpreter services when needed by individuals who are deaf or hard of hearing in all services offered by Defendants;

    D. To promulgate and comply with procedures to ensure that Defendants will notify individuals who are deaf or hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that Defendants will provide sign language interpreters, Videophones, and other communication services to ensure effective communication with and for deaf or hard of hearing persons.

32. Award compensatory and punitive damages;
33. Award reasonable costs and attorneys' fees; and
34. Award any and all other relief that may be necessary and appropriate.

**JURY DEMAND**

35. Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted,

/s/ Clara R. Smit
CLARA R. SMIT, ESQ.
Attorney for Plaintiff

Dated: November 119, 2019

**CERTIFICATION**

Pursuant to Rule 4:5-1, I, Clara R. Smit, certify that I am a member of the firm of Clara R. Smit, attorney for the Plaintiff stated herein. To my information and belief, the matter in controversy is not the subject of any other action pending in any other Court, or of a pending arbitration proceeding and no other action or arbitration proceeding is being contemplated. At this time, the Plaintiffs know of no other party who should be joined in this action.

/s/ Clara R. Smit
Clara R. Smit, Esq.
Attorney for Plaintiff

Dated: November 19, 2019